PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED

05 APR 25

ROBERT R. DI    GIO
CLERK, U.S. DI    CT
    TN, MEMPHIS

**U. S. A. vs.  MARQUELL GRIFFIN**                    Docket No._____2:03CR20330-01

### Petition on Probation and Supervised Release

         **COMES NOW** _Willie S. Williams, Jr._ , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of _Marquell Griffin_ , who was placed on supervision by the Honorable _Bernice B. Donald_ sitting in the Court at _Memphis, Tennessee_ , on the _18th_ day of _December, 2003_ who fixed the period of supervision at _three (3) years*_ , and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.      The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2.      The defendant shall seek and maintain full-time lawful employment.


\*     **Effective date of Supervision:  June 30, 2004.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (SEE ATTACHED)


**PRAYING THAT THE COURT WILL ORDER** that a **WARRANT** be issued for Marquell Griffin to appear before the Honorable Bernice B. Donald to answer charges of Supervised Release violations.

**BOND:**_____

| | |
|---|---|
| **ORDER OF COURT** | I declare under the penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this _25_ day of _April_ , 20_05_ , and ordered filed and made a part of the records in the above case. | Executed on _April 8, 2005_ |
| U. S. District Judge Bernice B. Donald | Senior United States Probation Officer |
| | Place: _Memphis, TN_____ |



**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On February 24, 2005, Mr. Griffin entered a guilty plea to the offense of Driving on a Revoked License in the General Sessions Courts for Crockett County, Tennessee. He was sentenced to eleven (11) months and twenty-nine (29) days in the Crockett County Jail, with all but forty-eight (48) hours suspended, and a $250.00 fine. The Affidavit of Complaint revealed that Mr. Griffin had been stopped and subsequently charged with the violation on January 21, 2005, by the Alamo Tennessee Police Department.

Additionally, on February 24, 2005, Mr. Griffin entered a guilty plea to the offense of Theft of Services in the General Sessions Courts for Crockett County, Tennessee. He was sentenced to eleven (11) months and twenty-nine (29) days in the Crockett County Jail; all jail time was suspended, and he was placed on Active Probation. He was also ordered to make restitution in the amount of $244.81. According to the investigative reports, the Gibson County Electric Company discovered that Mr. Griffin had removed the disconnect boost from a meter in Crockett County, Tennessee. He was arrested on February 23, 2005, by the Crockett County Sheriff's Department.

**The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Griffin violated this condition in that he failed to submit a monthly supervision report for the month of March 2005. Further, Mr. Griffin violated this condition in that he failed to keep scheduled appointments with the Probation Officer on February 15, and March 3, 2005. Mr. Griffin also violated this condition in that he failed to truthfully complete his November 2004 supervision report, as said report did not indicate use of illegal drugs.

**The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.**

Mr. Griffin violated this condition in that he failed to report to the Probation Office for the purpose of being placed into a substance abuse counseling and random drug screening program per the instructions of the Probation Officer.

**The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

Mr. Griffin violated the above condition in that he tested positive for Cocaine on November 9, 2004, as evidenced by a drug screen administered in the Probation Office.

**CONTINUED**

**Marquell Griffin (2:03CR20330-01)**

**THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:**

**The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.**

Mr. Griffin violated this condition by failing to report his January 21 and February 23, 2005, arrests to the Probation Officer within the required seventy-two (72) hours.

**The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.**

Mr. Griffin violated the above condition in that he has failed to make himself available for placement in substance abuse counseling and random drug screening with Dr. Janet Scott and Associates subsequent to a treatment referral being approved on January 25, 2005.

**VIOLATION WORKSHEET**

1.  **Defendant**    Marquell Griffin (Address: 3457 Point Pleasant, Memphis, TN 38118)

2.  **Docket Number (Year-Sequence-Defendant No.)**    2:03CR20330-01

3.  **District/Office**    Western District of Tennessee (Memphis)

4.  **Original Sentence Date**    <u>12</u> / <u>18</u> / <u>2003</u>
    month    day    year

*(If different than above):*

5.  **Original District/Office**

6.  **Original Docket Number (Year-Sequence-Defendant No.)**

7.  **List each violation and determine the applicable grade {see §7B1.1}:**

    Violation{s}                                                                                             Grade

    • New criminal convictions for Driving on a Revoked License; and Theft of Services                      C

    • Failure to report to the probation officer; and failure to submit a truthful and complete written report.    C

    • Failure to follow the instructions of the probation officer                                           C

    Possession and use of cocaine                                                                            B

    Failure to notify the probation officer of arrests within the required seventy-two (72) hours            C

    Failure to participate in a substance abuse and random drug screening program as directed                C

    •

8.  **Most Serious Grade of Violation (see §7B1.1(b))**                                                     B

9.  **Criminal History Category (see §7B1.4(a))**74                                                          VI

10. **Range of imprisonment (see §7B1.4(a))**                                                    21 –24    months
                                                                                            Restricted Guideline

                        18 USC § 3583(e) authorizes a maximum sentence of 24 months.

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

    { }    (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }    (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {X}    (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

        **Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
        Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**      Marquell Griffin

12.  **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ N/A _____        Community Confinement _____ N/A _____

Fine ($) _____ N/A _____        Home Detention _____ N/A _____

Other _____ N/A _____ .        Intermittent Confinement _____ N/A _____

13.  **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.  **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.  **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in
case 2:03-CR-20330 was distributed by fax, mail, or direct printing on
April 27, 2005 to the parties listed.

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT